IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YOUNG K.Y., | ) |
|     Plaintiff, | ) ) ) |
| v. | )   No. 22 C 1452 ) |
| MARTIN J. O'MALLEY, Commissioner of Social Security,[1] | )   Magistrate Judge Finnegan ) ) |
|     Defendant. | ) ) |

## ORDER

Plaintiff Young K.Y. seeks to overturn the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and filed cross-motions for summary judgment. After careful review of the record and the parties' respective arguments, the Court finds that the case must be remanded for further proceedings.

## BACKGROUND

Plaintiff protectively applied for SSI on September 27, 2019, alleging disability since June 1, 2018 due to lower back degenerative disc disease, spondylolisthesis of the lumbar region, and numbness in the arms, leg, and neck. (R. 225-26, 265). Born in June 1964, Plaintiff was 55 years old as of the application date (R. 225), making her a person of advanced age (age 55 or older). 20 C.F.R. § 416.963(e). She has a Bachelor's degree

---

[1]     Martin O'Malley became the Commissioner of Social Security on December 20, 2023. He is automatically substituted as the named defendant pursuant to FED. R. CIV. P. 25(d).

in homemaking from a Korean university and lives in an apartment with her husband. (R. 39-40, 226, 266). Plaintiff owned a restaurant for several years between 2006 and 2010, and also worked as a sales representative for a beauty supply wholesale company from 2012 to 2013. (R. 40-41, 266). The record reflects that Plaintiff worked part-time at a clothing store in 2019 and 2020, but she did not earn enough for the employment to qualify as substantial gainful activity. (R. 15, 44).

The Social Security Administration denied Plaintiff's application initially on April 16, 2020, and again upon reconsideration on December 17, 2020. (R. 60-85). Plaintiff filed a timely request for a hearing and appeared before administrative law judge Deborah M. Giesen (the "ALJ") on August 5, 2021.[2] (R. 30). The ALJ heard testimony from Plaintiff, who was represented by counsel and testified with the assistance of a Korean interpreter, and from vocational expert Leida Woodham (the "VE"). (R. 31-59). On August 24, 2021, the ALJ found that Plaintiff's degenerative disc disease of the lumbar and cervical spine are severe impairments, but that they do not alone or in combination meet or equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 15-18).

After reviewing the evidence, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform a reduced range of light work. (R. 18-23). The ALJ accepted the VE's testimony that a person with Plaintiff's background and this RFC could perform Plaintiff's past relevant work as a sales manager (general merchandise sales representative). (R. 23-24). As a result, the ALJ concluded that Plaintiff was not disabled at any time from the application date through the date of the decision. (R. 24). The Appeals Council denied Plaintiff's request for review on January 19, 2022. (R. 1-5).

---

[2] The hearing was held telephonically due to the COVID-19 pandemic.

That decision stands as the final decision of the Commissioner and is reviewable by this Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Whitney v. Astrue*, 889 F. Supp. 2d 1086, 1088 (N.D. Ill. 2012).

In support of her request for reversal or remand, Plaintiff argues that the ALJ: (1) erred in weighing the opinion evidence of record; and (2) improperly discounted her subjective statements regarding her symptoms. For reasons discussed in this opinion, the Court finds that the case must be remanded for further consideration of the opinion evidence and its impact on Plaintiff's RFC.

## DISCUSSION

**A.  Standard of Review**

A claimant is disabled within the meaning of the Social Security Act if she is unable to perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). In determining whether a claimant suffers from a disability, an ALJ must conduct a standard five-step inquiry, which involves analyzing whether: "(1) the claimant is presently employed; (2) the claimant has a severe impairment or a combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's residual functional capacity leaves [her] unable to perform [her] past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021); *see also Melvin J. v. Kijakazi*, No. 20 C 3284, 2022 WL 2952819, at *2 (N.D.

3

Ill. July 26, 2022) (citing 20 C.F.R. § 416.920(a)). If the claimant meets her burden of proof at steps one through four, the burden shifts to the Commissioner at step five. *Butler*, 4 F.4th at 501.

In reviewing an ALJ's decision, the Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (quoting *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). "[S]ocial-security adjudicators are subject to only the most minimal of articulation requirements," but ALJs must provide "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1053-54 (internal quotations omitted) (in "shorthand terms," an ALJ must build a "logical bridge from the evidence to his conclusion."); *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

**B.  Analysis**

    **1.  Opinion Evidence**

Plaintiff argues that the case must be reversed or remanded because the ALJ erred in weighing the opinion evidence of record. Since Plaintiff filed her claim in September 2019, the treating source rule used for claims filed before March 27, 2017 does not apply. This means the ALJ was not required to "defer or give any specific evidentiary weight" to any medical opinion, including a treating physician's opinion. 20

4

C.F.R. § 416.920c(a). *See also* Social Security Administration, Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819 (Jan. 18, 2017). Instead, the ALJ was required to "evaluate the persuasiveness of each medical opinion based on certain factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) specialization; and (5) other factors, including the source's familiarity with other evidence in the claim or an understanding of Social Security disability policies and requirements." *Michelle D. v. Kijakazi*, No. 21 C 1561, 2022 WL 972280, at *4 (N.D. Ill. Mar. 31, 2022). *See also* 20 C.F.R. § 416.920c(c)(1)-(5)). An ALJ must explain how she considered the first two factors (supportability and consistency) and may but is not required to explain her consideration of the other factors. 20 C.F.R. § 416.920c(b)(2). "Supportability measures how much the objective medical evidence and supporting explanations presented by a medical source support the opinion." *Michelle D.*, 2022 WL 972280, at *4; 20 C.F.R. § 416.920c(c)(1)). "Consistency assesses how a medical opinion squares with other evidence in the record." *Id.* *See also* 20 C.F.R. § 416.920c(c)(2)).

Two state agency reviewers provided opinions as to Plaintiff's physical functioning. At the initial level of review on April 15, 2020, Karen Hoelzer, M.D., concluded that Plaintiff has the ability to perform a reduced range of sedentary work involving no more than two hours of standing and walking in an 8-hour workday. (R. 65). Six months later on December 4, 2020, Reynaldo Gotanco, M.D., concluded on reconsideration that Plaintiff is capable of performing a reduced range of light work involving standing and walking for about six hours in an 8-hour workday. (R. 79). The ALJ found Dr. Gotanco's less

5

restrictive opinion persuasive and rejected Dr. Hoelzer's contrary assessment. (R. 22). Plaintiff argues that the reasons the ALJ gave for this decision are flawed.

The ALJ first determined that Dr. Gotanco's opinion was the only one supported by clinical findings showing "mild and moderate lumbar spinal stenosis and no nerve root compression to the cervical spine." (*Id.*). The "clinical findings" consist of two MRIs: (1) a September 13, 2018 MRI of the lumbar spine showing multilevel degenerative disc disease (R. 433-34); and (2) a May 14, 2020 MRI of the cervical spine showing "multilevel discogenic degenerative changes without canal stenosis" and "[m]ild foraminal narrowing." (R. 583-84). Plaintiff objects that the ALJ impermissibly interpreted the significance of the MRI results without input from an expert. (Doc. 14, at 5-6; Doc. 17, at 1-2). The Court agrees.

Dr. Hoelzer and Dr. Gotanco both reviewed the 2018 lumbar MRI (R. 66, 76, 81), yet they reached very different conclusions about Plaintiff's functioning. As a result, that test cannot explain why the ALJ adopted Dr. Gotanco's opinion and rejected Dr. Hoelzer's assessment. The 2020 cervical MRI does nothing to clarify the issue because the test was not available to Dr. Hoelzer and Dr. Gotanco did not mention it in his summary of the evidence. In other words, neither state agency reviewer (nor any other physician of record) interpreted the test results or stated that the lack of nerve root compression in the cervical spine reflects an ability to stand and walk for six as opposed to two hours in an 8-hour workday. It thus appears that the ALJ impermissibly played doctor and decided on her own that the MRI supports an RFC for light work. *See Brian M. v. Kijakazi*, No. 22 C 191, 2023 WL 5852193, at *6 (N.D. Ill. Sept. 11, 2023) (ALJ impermissibly "regurgitated the findings of those MRIs and determined – without the assistance of a medical

6

professional – that they were not consistent with medium work but were consistent with light work."); *Akin v. Berryhill*, 887 F.3d 314, 317-18 (7th Cir. 2018) (remanding where the ALJ was not qualified to make his own determination that MRI results were consistent with his RFC assessment without the benefit of an expert opinion); *Joseph Z. v. Saul*, No. 19 C 2354, 2020 WL 5253885, at *4 (N.D. Ill. Sept. 3, 2020) ("Courts in this Circuit have . . . remanded the decisions of ALJs who discount physicians' opinions in light of their own, unsupported lay interpretations of medical evidence.").

The Commissioner notes that Dr. Gotanco pointed to a June 30, 2020 exam showing normal range of motion in the cervical spine, intact sensation in the extremities, and normal gait. (R. 81). But the exam in question was actually a video visit (R. 647-49), and the physician completed an RFC questionnaire the same day stating that Plaintiff cannot walk more than a block without rest or pain, can stand for only 30 minutes at a time, and can stand and walk for less than two hours total in an 8-hour workday. (R. 552-54). It is thus not entirely clear why Dr. Gotanco found Plaintiff so much less restricted than Dr. Hoelzer, or why the ALJ believed the 2020 cervical MRI evidenced an ability to stand and walk for six hours.

Other reasons the ALJ gave for rejecting Dr. Hoelzer's opinion do not alter the Court's conclusion. For example, the ALJ stated that the opinion was inconsistent with Plaintiff's activities of daily living identified in a December 20, 2019 Function Report, including driving, cleaning, shopping, exercising, and gardening. (R. 22) (citing R. 288, 290-91). The same report, however, states that Plaintiff's husband does most of the housework and she cannot prepare her own meals. (R. 288-90). In addition, it appears that Plaintiff only gardened and exercised "when I owned [a] house." (R. 291). But at the

7

time of the disability application in September 2019, Plaintiff was living in an apartment and said she could not exercise at all anymore. (R. 39-40, 291). Finally, Plaintiff did tell her physical therapist on May 5, 2021 that she could be active for no more than two hours at a time (R. 763), but the ALJ did not explain why this demonstrates Plaintiff can stand and walk for six hours in an 8-hour workday.

The ALJ's error in assessing the opinion evidence was not harmless. Harmless error occurs when "it is predictable with great confidence that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support," and remanding would be "a waste of time." *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010). Here, if Plaintiff is unable to meet the demands of light work, she will not be capable of performing her past work as a sales manager, which could render her disabled. The case therefore must be remanded for further consideration of the opinion evidence and Plaintiff's RFC.

### 2. Remaining Arguments

The Court does not find any specific error with respect to Plaintiff's remaining arguments. That said, the ALJ should take the opportunity on remand to reevaluate Plaintiff's subjective statements regarding her limitations and obtain additional VE testimony as appropriate.

### CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment [14] is granted, and the Commissioner's motion for summary judgment [15] is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and this case is

8

remanded to the Social Security Administration for further proceedings consistent with this opinion.

ENTER:

Dated: November 18, 2024

_____
SHEILA FINNEGAN
United States Magistrate Judge